IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

Case No. 19-30750

———————————————

Charles F. Ficher, Jr.,
            Petitioner - Appellant

v.

Jason Kent, Warden, Dixon Correctional Institute,
            Respondent - Appellee

———————————————

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

———————————————————————

**RECORD EXCERPTS**

———————————————————————

Respectfully submitted by:

Nisha Sandhu
Nisha Sandhu, APLC
434 East Lockwood Street
Covington, Louisiana 70433
Tel.: (504) 920-7310
Fax: (504) 814-4513
*Attorney for Charles F. Ficher, Jr.*

# TABLE OF CONTENTS

Record Cite/Page

1. Docket Sheet ................................................................... ROA.212-216

2. Notice of Intent to File an Appeal ......................................... ROA.101

3. Report and Recommendation .............................................. ROA.81-95

4. Order and Reasons ......................................................... ROA.167-179

5. Affidavit of Kimmie Alexander ............................................. ROA.17

6. Amended Judgment .......................................................... ROA.203

7. Report and Recommendation ........................................... ROA.244-246

8. Order................................................................................ ROA.247

9. Certificate of Service

**1**

APPEAL,CLOSED,FR/R

Jump to Docket Table

# U.S. District Court
# Eastern District of Louisiana (New Orleans)
# CIVIL DOCKET FOR CASE #: 2:14-cv-02281-SM

Ficher v. Kent et al
Assigned to: Judge Susie Morgan
 Case in other court:  USCA, Fifth Circuit, 17-30926
                 Fifth Circuit Court of Appeals, 19-30750
                 Criminal District Court, Orleans Parish,
                 359-855 "D"
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 10/02/2014
Date Terminated: 11/02/2017
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Plaintiff**

**Charles J. Ficher, Jr**

represented by **Nisha Sandhu**
P. O. Box 7924
Metairie, LA 70010
504-920-7310
Email: ns.law@mac.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Jerry Goodwin**
*Warden, DWCC; SEE Jason Kent, Warden*
*as of 2016*
*TERMINATED: 02/02/2021*

represented by **Christopher James Ponoroff**
District Attorney's Office (Orleans)
619 South White Street
New Orleans, LA 70119
504-571-2941
Email: cponoroff@orleansda.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jason Kent**
*Warden, D.W.C.C.*

represented by **G. Benjamin Cohen**
The Orleans Parish District Attorney's Office
619 South White Street
New Orleans, LA 70119
504-827-6336
Email: bcohen@orleansda.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher James Ponoroff**
(See above for address)

19-30750.212

*TERMINATED: 02/23/2021*

V.

**Respondent**

**Attorney General State of Louisiana**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/02/2014 | 1 | PETITION for Writ of Habeas Corpus (28:2254) filed by Charles J. Ficher, Jr. (Attachments: # 1 Exhibit, # 2 Civil Cover Sheet)(mmm) (Entered: 10/06/2014) |
| 10/02/2014 | 2 | EXPARTE/CONSENT MOTION for Leave to Proceed in forma pauperis by Jerry Goodwin. Motion(s) referred to Michael North. (mmm) (Entered: 10/06/2014) |
| 10/10/2014 | 3 | ORDER denying 2 Motion for Leave to Proceed in forma pauperis. Signed by Magistrate Judge Michael North on 10/6/2014. (lag) (Entered: 10/10/2014) |
| 12/12/2016 | | Filing fee paid from Charles J. Ficher, Jr re 1 Petition for Writ of Habeas Corpus (28:2254) (Filing fee $ 5) (cml) (Entered: 12/13/2016) |
| 12/19/2016 | 4 | Habeas Corpus Response Order that Attorney General for the State of Louisiana and the District Attorney for Orleans Parish respond to the petition of Habeas Corpus within 30 days. Signed by Magistrate Judge Michael North.(bwn) (Additional attachment(s) added on 12/19/2016: # 1 Certified Mail Receipt) (bwn). (Entered: 12/19/2016) |
| 12/23/2016 | 5 | Return of Service of Habeas Corpus Response Order served on Attorney General's Office on 12/21/16. (clc) (Entered: 12/29/2016) |
| 12/27/2016 | 6 | Return of Service of Habeas Corpus Response Order served on Orleans Parish DA's Office.(clc) (Entered: 12/29/2016) |
| 12/29/2016 | 7 | Return of Service of Habeas Corpus Response Order served on Clerk of Orleans Parish Criminal Court on 12/22/16. (clc) (Entered: 12/30/2016) |
| 01/17/2017 | 8 | EXPARTE/CONSENT First MOTION for Extension of Time to Answer re 1 Petition for Writ of Habeas Corpus (28:2254) by Jerry Goodwin. Motion(s) referred to Michael North. (Attachments: # 1 Proposed Order)Attorney Christopher James Ponoroff added to party Jerry Goodwin(pty:dft).(Ponoroff, Christopher) (Entered: 01/17/2017) |
| 01/19/2017 | 9 | ORDER granting 8 Motion for Extension of Time to Answer as to Jerry Goodwin answer due 3/6/2017. Signed by Magistrate Judge Michael North on 1/19/17. (clc) (Entered: 01/19/2017) |
| 03/02/2017 | 10 | EXPARTE/CONSENT Second MOTION for Extension of Time to Answer re 1 Petition for Writ of Habeas Corpus (28:2254) by Jerry Goodwin. Motion(s) referred to Michael North. (Attachments: # 1 Proposed Order)(Ponoroff, Christopher) (Entered: 03/02/2017) |
| 03/06/2017 | 11 | ORDER granting 10 Motion for Extension of Time to Answer re 1 Petition for Writ of Habeas Corpus (28:2254) as to Jerry Goodwin; answer due 4/1/2017. Signed by Magistrate Judge Michael North. (bwn) (Entered: 03/06/2017) |

| | | |
|---|---|---|
| 03/31/2017 | 12 | RESPONSE to 1 Petition for Writ of Habeas Corpus (28:2254) by Jerry Goodwin.(Ponoroff, Christopher) (Entered: 03/31/2017) |
| 06/02/2017 | 13 | Response/Reply by Charles J. Ficher, Jr to 12 Response to Habeas Petition (ss) (Entered: 06/07/2017) |
| 09/08/2017 | 14 | REPORT AND RECOMMENDATIONS re 1 Petition for Writ of Habeas Corpus (28:2254) filed by Charles J. Ficher, Jr. RECOMMENDED that Ficher's application for federal habeas corpus relief be DISMISSED WITH PREJUDICE. Objections to R&R due by 9/22/2017. Signed by Magistrate Judge Michael North on 9/8/2017.(clc) (Entered: 09/08/2017) |
| 09/11/2017 | 15 | NOTICE of Change of Address by Charles J. Ficher, Jr. (tm) (Entered: 09/11/2017) |
| 11/02/2017 | 16 | ORDER ADOPTING REPORT AND RECOMMENDATIONS 14 . IT IS ORDERED that the petition of Charles Ficher, Jr. for issuance of a writ of habeas corpus under 28 U.S.C. 2254, is hereby DISMISSED WITH PREJUDICE as untimely, as stated within document. Signed by Chief Judge Kurt D. Engelhardt on 11/2/2017.(cbs) (Entered: 11/03/2017) |
| 11/02/2017 | 17 | JUDGMENT entered in favor of Jerry Goodwin against Charles J. Ficher, Jr. Signed by Chief Judge Kurt D. Engelhardt on 11/2/2017.(cbs) (Entered: 11/03/2017) |
| 11/02/2017 | 18 | Certificate of Appealability Denied by USDC. Signed by Chief Judge Kurt D. Engelhardt on 11/2/2017.(cbs) (Entered: 11/03/2017) |
| 11/27/2017 | 19 | NOTICE OF APPEAL by Charles J. Ficher, Jr as to 17 Judgment. (cbs) (Entered: 11/27/2017) |
| 11/27/2017 | 20 | Letter to the Clerk from Charles F. Ficher, Jr. dated 11/17/2017. (cbs) (Entered: 11/27/2017) |
| 11/29/2017 | 21 | ORDER - On November 27, 2017, the Court received Petitioner's letter 20 indicating that he never received a copy of the Magistrate Judge's Report and Recommendation. IT IS HEREBY ORDERED that Petitioner shall have until Friday, December 29, 2017 to file written objections to the Magistrate Judge's Report and Recommendation (Rec. Doc. 14). IT IS FURTHER ORDERED that the Clerk of Court provide a copy of this Order and the Magistrate Judge's Report and Recommendation to the Petitioner, Charles F. Ficher, Jr.. Signed by Chief Judge Kurt D. Engelhardt on 11/29/2017. (cc: Charles F. Ficher, Jr. at the Dixon Correctional institute)(cbs) (Entered: 11/29/2017) |
| 12/05/2017 | 22 | USCA Case Number 17-30926 appealed to USCA, Fifth Circuit for 19 Notice of Appeal, filed by Charles J. Ficher, Jr.. (cbs) (Entered: 12/06/2017) |
| 12/28/2017 | 23 | ORDER of USCA as to 19 Notice of Appeal. The appeal is dismissed as of December 26, 2017, for want of prosecution. The appellant failed to timely pay appellate filing fee. Signed by the Clerk of the United States Court of Appeals for the Fifth Circuit. (Attachments: # 1 Mandate Letter)(cbs) (Entered: 12/28/2017) |
| 12/29/2017 | 24 | OBJECTION to 14 Report and Recommendations by Charles J. Ficher, Jr. (clc) (Entered: 12/29/2017) |
| 04/26/2019 | 25 | Letter to the Clerk from Charles Ficher, Jr. dated 4/15/2019 (Attachments: # 1 Exhibits) (lag) (Entered: 05/02/2019) |
| 05/02/2019 | 26 | |

| | | |
|---|---|---|
| | | ORDER REASSIGNING CASE. Case reassigned to Judge Susie Morgan. Chief Judge Kurt D. Engelhardt no longer assigned to case. Signed by Chief Judge Nannette Jolivette Brown.(jrc) (Entered: 05/02/2019) |
| 08/02/2019 | 27 | ORDER AND REASONS ADOPTING REPORT AND RECOMMENDATIONS 14 - IT IS ORDERED that Petitioner Charles Ficher, Jr.'s petition against Respondent Jerry Goodwin be and hereby is DISMISSED WITH PREJUDICE. Signed by Judge Susie Morgan.(bwn) (Entered: 08/02/2019) |
| 08/02/2019 | 28 | JUDGMENT - IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment in favor of Defendant, Robert Tanner, and against Plaintiff, Jessie Eugene Shelton, dismissing with prejudice Shelton's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 as time-barred. Signed by Judge Susie Morgan.(bwn) (Entered: 08/02/2019) |
| 08/02/2019 | 29 | Certificate of Appealability Denied by USDC. Signed by Judge Susie Morgan.(bwn) (Entered: 08/02/2019) |
| 09/06/2019 | 30 | NOTICE OF APPEAL by Charles J. Ficher, Jr as to 28 Judgment. (sbs) (Entered: 09/11/2019) |
| 09/11/2019 | 31 | AMENDED JUDGMENT - IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment in favor of Defendant, Jerry Goodwin, and against Plaintiff, Charles J. Ficher, dismissing with prejudice Ficher's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 as time-barred. Signed by Judge Susie Morgan.(bwn) (Entered: 09/11/2019) |
| 09/18/2019 | 32 | USCA Case Number 19-30750 appealed to Fifth Circuit Court of Appeals for 30 Notice of Appeal filed by Charles J. Ficher, Jr. (sbs) (Entered: 09/18/2019) |
| 09/30/2019 | 33 | EXPARTE/CONSENT MOTION for Leave to Appeal in forma pauperis by Charles J. Ficher, Jr. (sbs) (Entered: 10/03/2019) |
| 10/04/2019 | 34 | ORDER granting 33 Motion for Leave to Appeal in forma pauperis. Signed by Judge Susie Morgan. (bwn) (Entered: 10/04/2019) |
| 11/23/2020 | 35 (p.217) | ORDER of USCA as to 30 Notice of Appeal filed by Charles J. Ficher, Jr. "IT IS ORDERED that petitioner's motion for a certificate of appealability is held in abeyance and the case is remanded to the district court for the limited purpose of determining whether Ficher's notice of appeal was timely filed under the prison mailbox rule." USCA Judge Name: Haynes. (Attachments: # 1 Transmittal Letter)(sbs) (Entered: 11/23/2020) |
| 02/03/2021 | 36 (p.220) | ORDER AND REASONS - IT IS ORDERED that the Federal Public Defender appoint counsel to assist Plaintiff Charles Ficher. IT IS FURTHER ORDERED that this matter is referred to the assigned Magistrate Judge for a report and recommendation. Signed by Judge Susie Morgan on 2/3/2021. (NEF: Magistrate Judge, FPD)(sbs) (Entered: 02/03/2021) |
| 02/11/2021 | 37 (p.224) | ORDER that Nisha Sandhu is hereby appointed to represent Petitioner in connection with the limited remand of this case by the Fifth Circuit. 35 (p.217) . Signed by Magistrate Judge Michael North on 2/11/2021. (NEF: FPD) (caa) Modified on 2/11/2021 (caa). (Entered: 02/11/2021) |
| 02/19/2021 | 38 (p.225) | SCHEDULING STATUS CONFERENCE: A telephone status conference in the matter is hereby SCHEDULED for 3/4/2021 at 1:00 p.m. before Magistrate Judge |

| | | |
|---|---|---|
| | | Michael B. North. Dial-in information will be circulated to counsel via email. Counsel are expected to be on the line five (5) minutes before the scheduled start time. Signed by Magistrate Judge Michael North on 2/18/2021.(caa) (Entered: 02/19/2021) |
| 02/19/2021 | 39 (p.226) | EXPARTE/CONSENT MOTION to Substitute Counsel of Record *Attorney G. Ben Cohen to be substituted in place of Christopher Ponoroff* by Jason Kent. Motion(s) referred to Michael B. North. (Attachments: # 1 Proposed Order)Attorney G. Benjamin Cohen added to party Jason Kent(pty:dft).(Cohen, G.) Modified text and filer on 2/21/2021 (sbs). (Entered: 02/19/2021) |
| 02/23/2021 | 40 (p.229) | ORDER GRANTING 39 (p.226) Motion to Substitute Attorney. Added attorney G. Benjamin Cohen for Jason Kent. Attorney Christopher James Ponoroff terminated. Signed by Magistrate Judge Michael North on 2/22/2021. (jls) (Entered: 02/23/2021) |
| 03/04/2021 | 41 (p.230) | Supplemental RESPONSE to 1 Petition for Writ of Habeas Corpus (28:2254) by All Defendants. (Cohen, G.) Modified text on 3/5/2021 (sbs). (Entered: 03/04/2021) |
| 03/04/2021 | 42 (p.232) | Response by Charles J. Ficher, Jr to 36 (p.220) Order and Reasons. (Attachments: # 1 Cover Letter, # 2 Exhibits)(sbs) Modified on 3/5/2021 to edit docket text (bwn). (Entered: 03/05/2021) |
| 03/04/2021 | 43 (p.243) | Minute Entry for proceedings held before Magistrate Judge Michael North: Status Conference held on 3/4/2021. (caa) (Entered: 03/08/2021) |
| 03/17/2021 | 44 (p.244) | REPORT AND RECOMMENDATIONS. RECOMMENDED that petitioner, Charles Ficher, Jr.s, notice of appeal be considered timely filed. Objections to R&R due by 3/31/2021. Signed by Magistrate Judge Michael North on 3/17/2021. (NEF: Sect E)(caa) (Entered: 03/17/2021) |
| 04/01/2021 | 45 (p.247) | ORDER ADOPTING REPORT AND RECOMMENDATIONS 44 (p.244) . Signed by Judge Susie Morgan on 04/01/2021. (NEF: Appeals Unit) (ko) (Entered: 04/01/2021) |

Ficher v. Kent et al (2:14-cv-02281-SM)

**2**

# UNITED STATES COURT OF APPEAL
# EASTERN DISTRICT OF LOUIISIANA

**CHARLES FISHER**

**VERSUS**                                    NO. 2:14-CV-02281 N(5)

**JASON KENT, WARDEN**

## NOTICE OF APPEAL

NOTICE is hereby given that **CHARLES FISHER**, the Plaintiff-Appellant,
hereby files a **NOTICE OF APPEAL** to the U.S. District Court, for the Eastern District
of Louisiana, from the final judgment of the (Magistrate Judge's Report and
Recommendation) entered in these proceedings on the _____ day of _____ 2017.


RESPECTFULLY SUBMITTED,


**CHARLES FISHER # 332513**
Dixon Correctional Institute
P.O. BOX 788
JACKSON, LA 70748-0788


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above **NOTICE OF APPEAL** has been served
on all parties, by placing the same in the United States Mail, Postage Prepaid, Properly
Addressed. Dixon Correctional Institute, P.O. Box 788, Jackson, LA 70748-0788. This
_17th_ day of _November_ 2017.

TENDERED FOR FILING *Charles Fisher*
                         **CHARLES FISHER # 332513**

NOV 2 7 2017
U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

```
____ Fee _____
____ Process _____
_X__ Dktd _____
____ CtRmDep _____
____ Doc. No: _____
```

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED   NOV 2 7 2017
WILLIAM W. BLEVINS
CLERK

19-30750.101

3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

CHARLES J. FICHER, JR.                                CIVIL ACTION

VERSUS                                                NO. 14-2281

JERRY GOODWIN                                         SECTION: "N"(5)

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.    Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).    For the following reasons, **IT IS RECOMMENDED** that the petition for habeas corpus relief be **DISMISSED WITH PREJUDICE**.

### Procedural History

Petitioner, Charles Ficher, Jr., is a convicted inmate currently housed in the David Wade Correctional Center in Homer, Louisiana.    In November 1992, he was indicted by an Orleans Parish grand jury and charged with one count of second-degree murder.[1]    On October 26, 1993, a jury found him guilty as charged.[2]    On November 9, 1993, his motion for new trial was denied and he was sentenced to life imprisonment without benefit of

---

[1]  State Rec., Vol. 1 of 3, Grand Jury Indictment.    The indictment refers to defendant as Charles "Fisher."    The state court record also includes the alternate spelling, "Fischer." His federal court petition, however, is styled Charles "Ficher."

[2]  State Rec., Vol. 1 of 3, Minute Entry, 10/26/93.

probation, parole or suspension of sentence.[3]

On direct appeal, Ficher's appointed counsel requested only a review for errors patent and moved to withdraw.[4]  Ficher, pro se, filed a supplemental brief raising claims of prosecutorial misconduct and insufficiency of the evidence.  The appellate court declined to consider the claim of prosecutorial misconduct, noting the issue was better suited for post-conviction relief.  The appellate court found the evidence sufficient to support the conviction.  On January 19, 1995, the Louisiana Fourth Circuit Court of Appeal affirmed his conviction and sentence.[5]  On June 16, 1995, the Louisiana Supreme Court denied his writ of certiorari.[6]  His conviction and sentence became final on September 14, 1995, when the 90-day period for seeking a writ of certiorari from the United States Supreme Court expired and he failed to apply for relief.  *See* U.S. Sup. Ct. R. 13(1); *see also Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); *Roberts*, *supra*.

On October 22, 1996, Ficher submitted an application for post-conviction relief with the state district court.[7]  In that application, he asserted that trial counsel was ineffective

---

[3]  State Rec., Vol. 1 of 3, Minute Entry, 11/9/93.

[4]  *Anders v. California*, 386 U.S. 738 (1967); *State v. Benjamin*, 573 So.2d 528 (La. App. 4 Cir. 1990); *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam),

[5]  *State v. Fisher*, 94-KA-0191 (La. App. 4 Cir. 1995), 648 So.2d 52 (Table); *see* State Rec., Vol. 2 of 3.

[6]  *State v. Fisher*, 95-KO-0476 (La. 1995), 655 So.2d 341; State Rec., Vol. 2 of 3.

[7]  State Rec., Vol. 1 of 3, Uniform Application for Post-Conviction Relief.  Federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  *Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006).  His application was signed and notarized on October 22, 1996, which is presumably the earliest date he could have placed it in the prison mail system.  *See*

Case 2:14-cv-02288-SM   Document 28   Filed 09/06/17   Page 3 of 13

for failing to adequately investigate and call witnesses and in failing to request a limiting instruction regarding the proper use of prior inconsistent statements made by a witness.[8] On March 9, 1998, the state district court rendered judgment denying relief on the merits.[9]

On or about May 28, 2003, Ficher, having failed to receive a ruling from the state district court with respect to his post-conviction application, filed a writ of mandamus with the Louisiana Fourth Circuit Court of Appeal, seeking to have the state appellate court order the state district court to adjudicate his pending post-conviction application. On June 23, 2003, the state appellate court issued a decision wherein, "[i]n the interest of judicial economy," the court considered the merits of petitioner's pending post-conviction application and determined that petitioner was "not entitled to relief." Further, in light of its adjudication on the merits of petitioner's post-conviction application, the Louisiana Fourth Circuit denied petitioner's request for a writ of mandamus as moot. *State v. Ficher* (Fisher), No. 2003-K-0964 (La. App. 4 Cir. 2003) (unpublished decision). In connection with the state appellate court's June 23, 2003 denial of post-conviction relief, petitioner filed a writ application with the Louisiana Supreme Court. On August 20, 2004, the Louisiana Supreme Court denied petitioner's writ application. *State ex rel. Ficher v. State*, No. 2003-KH-2071, 882 So.2d 564 (La. 2004).

---

Affidavit attached to PCR application.

[8] The procedural history recited herein with respect to Ficher's first state-court post-conviction application was taken from the Report and Recommendation issued in his first federal habeas proceeding, which was dismissed without prejudice for failure to exhaust state court remedies. *Charles Ficher v. Burl Cain*, Civ. Action No. 05-6373 "N"(5) (E.D. La. 2005). The referenced documents may be found generally at State Rec., Vol. 3 of 3.

[9] State Rec., Vol. 1 of 3, Judgment, 3/9/98.

Case 2:14-cv-02281-SM     Document 19     Filed 09/06/17     Page 4 of 13

In September 2004, Ficher filed with the Louisiana Fourth Circuit Court of Appeal a second application for writ of mandamus, again complaining that the state district court had failed to issue a ruling on his post-conviction claim that counsel was ineffective for failing to present certain witnesses to testify at trial and failing to request a limiting jury instruction. On September 27, 2004, the Louisiana Fourth Circuit, noting that petitioner, pursuant to his second writ of mandamus, was seeking relief in connection with the same post-conviction application which the court had earlier rejected, denied petitioner's writ application "as repetitive." *State v. Ficher*, No. 2004-K-1587 (La. App. 4 Cir. 2004) (unpublished decision). On August 19, 2005, the Louisiana Supreme Court rejected petitioner's writ application, stating: "Denied.    Moot.    The [C]ourt of Appeal has acted."    *State ex rel. Ficher v. State*, No. 2004-KH-2820, 908 So.2d 663 (La. 2005).

On October 6, 2005, Ficher filed his first federal habeas corpus application with this Court.    In that application, he asserted that (1) he was denied a fair trial due to prosecutorial misconduct; (2) his conviction was based on insufficient evidence; (3) he received ineffective assistance of counsel for failing to present witnesses on his behalf and to request a limiting instruction regarding the use of prior inconsistent statements; and (4) the grand-jury indictment was unconstitutionally obtained.    His federal application was considered a timely-filed "mixed" petition, containing both exhausted claims (Nos. 2, 3) and unexhausted claims (Nos. 1, 4), and was dismissed without prejudice for failure to exhaust state-court remedies on November 19, 2008.

On March 18, 2013, Ficher submitted a second application for post-conviction relief

4

19-30750.84

with the state district court.[10]    In that application, he asserted claims of prosecutorial misconduct and ineffective assistance of trial counsel as grounds for relief.    He argued that the prosecutor misrepresented himself as a defense attorney, that his trial counsel failed to present a witness or request a limiting instruction concerning prior inconsistent statements and that counsel failed to file a motion to quash the indictment on grounds that the grand-jury foreman was unconstitutionally selected.    He argued that his failure to raise these grounds earlier should be excused under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), because he had no counsel during his first collateral-review proceedings.    On May 14, 2013, the state district court denied relief, finding his reliance on *Martinez* was misplaced.[11]    On September 4, 2013, Ficher submitted a related supervisory writ application to the Louisiana Fourth Circuit Court of Appeal.    On October 3, 2013, the appellate court found that his claims were time-barred under Louisiana Code of Criminal Procedure article 930.8.[12]    On October 22, 2013, he filed a supervisory writ application with the Louisiana Supreme Court. On June 20, 2014, the Louisiana Supreme Court denied the application as untimely, citing Louisiana Code of Criminal Procedure article 930.8 and *Glover v. State*, 93-2330 (La. 9/5/95),

---

[10]    State Rec., Vol. 3 of 3, Uniform Application for Post-Conviction Relief.    As noted by the State, the application contained in the state-court record is undated.    However, in his reply, Ficher submitted a copy of a withdrawal request slip for funds (dated March 18, 2013), which he claims reflects the date he mailed the PCR application to the state district court.    Rec. Doc. 13.    The Court will adopt that date, which coincides with the State's assertion that "at some point in early 2013, he filed a new application for post-conviction relief."    Rec. Doc. 12, p. 4.

[11]    State Rec., Vol. 3 of 3, District Court Judgment denying PCR signed May 14, 2013.

[12]    State Rec., Vol. 3 of 3, *State v. Charles Fischer, Jr.*, 2013-K-1315 (La. App. 4 Cir. Oct. 3, 2013).

19-30750.85

660 So.2d 1189.[13]

On September 24, 2014, he filed the instant federal application for habeas corpus relief.[14]     In that application, he asserts as grounds for relief:     (1) he was denied a fair trial due to prosecutorial misconduct and (2) ineffective assistance of trial counsel for failing to (a) present a witness, (b) request a limiting instruction concerning proper use of prior inconsistent statements, and (c) challenge the grand-jury indictment.     The State argues that the application should be dismissed as untimely.[15]     Ficher has filed a reply.[16]

## Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, governs the filing date for this action because Ficher filed his habeas petition after the AEDPA's effective date.     *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).     Title 28 U.S.C. § 2244(d) provides:

> (1)     A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

---

[13] *State ex rel. Charles Fischer, Jr. v. State*, 2013-KH-2543 (La. 6/20/14), 141 So.3d 279.

[14] Rec. Doc. 1, 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus.   "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."   *Roberts v. Cockrell*, 319 F.3d 690, 691 n. 2 (5th Cir. 2003).   The petition itself is undated, but includes an attachment that is signed and dated September 24, 2014, which is the date used in the State's response.   The Court will adopt that date as well considering his application presumably could not have been placed in the prison mailing system any earlier than that date.   The fact that he paid the filing fee two years later does not alter the application of the federal mailbox rule to his pro se petition.   *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (mailbox rule applies even if the filing fee is not paid at time of mailing) (citing *Spotville*, 149 F.3d at 376).

[15] Rec. Doc. 12.

[16] Rec. Doc. 13.

19-30750.86

Case 2:14-cv-02281-SM    Document 19    Filed 09/06/17    Page 7 of 43

A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Typically, a petitioner must bring his Section 2254 claims within one year of the date on which his underlying criminal judgment becomes "final."    With regard to finality, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id*. at 694; *see also Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. *See Foreman*, 383 F.3d at 338–39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2006); *Roberts*, 319 F.3d at 693.

19-30750.87

*Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008).

As previously noted, Ficher's state criminal judgment of conviction became final for AEDPA purposes on September 14, 1995, when his time expired for seeking further direct review by writ of certiorari with the United States Supreme Court.    The one-year limitations period would have expired September 14, 1996.    However, as this Court previously found, Ficher had a one-year grace period from April 24, 1996 until April 24, 1997, to file a federal application because his conviction became final prior to the AEDPA's effective date.    However, Ficher did not file the instant federal habeas petition with this Court until September 24, 2014.    Thus, his application must be dismissed as untimely, unless the deadline was extended through tolling.

A.    *Statutory Tolling*

Regarding the statute of limitations, the AEDPA expressly provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."    28 U.S.C. § 2244(d)(2).    Given the statutory tolling to which he was entitled for his first round of state-court collateral-review proceedings began on October 22, 1996 and was pending through August 19, 2005, this Court concluded that his first federal application was timely filed on October 6, 2005 (albeit not fully exhausted).[17]    However, the one-year limitation period is not tolled during the pendency of federal habeas proceedings, *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), and

---

[17]    At the time he filed his first federal habeas petition, the Court found that 178 of the 365 days had elapsed.    *Charles Ficher v. Burl Cain*, 05-6373 "N"(5) (E.D. La.).    Rec. Doc. 12, p. 8.

19-30750.88

Ficher did not file any other applications for post-conviction relief or collateral review with the state district court until March 2013. By that time, however, the one-year federal limitations period had long since expired. Therefore, his second post-conviction relief application filed with the state district court in 2013, nearly seven years after the one-year federal limitations period had run, could not possibly afford him any tolling benefit. *See Madden v. Thaler*, 521 F. Appx. 316, 320 (5th Cir. 2013); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Magee v. Cain*, Civ. Action No. 99–3867, 2000 WL 1023423, at *4, *aff'd*, 253 F.3d 702 (5th Cir. 2001) (citing *Williams v. Cain*, Civ. Action No. 00–536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000)). Simply put, once the federal limitations period expired, "[t]here was nothing to toll." *Butler,* 533 F.3d at 318. His federal application is therefore untimely even after affording him the applicable statutory tolling credit pursuant to § 2244(d)(2).

B. *Equitable Tolling*

Additionally, the Court recognizes that the AEDPA's statute of limitations is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649 (internal quotation marks omitted); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Here, Ficher does not argue that he is entitled to equitable tolling. Furthermore, the record shows an inexplicable lack of diligence on his part and no

19-30750.89

extraordinary circumstances that would warrant equitable tolling.     It is well-settled that mistake, ignorance of the law, and a prisoner's pro se status do not suffice to justify equitable tolling.     *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).     Accordingly, the Court finds that Ficher is not entitled to equitable tolling.

   *C.   Actual Innocence*

   The Court briefly addresses any claim Ficher may raise that the limitations period should be tolled because he is actually innocent of the crime for which he was convicted.     In *McQuiggin v. Perkins*, the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass... [to excuse] the expiration of the statute of limitations."     *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013).     The Supreme Court has cautioned, however, that "tenable actual-innocence gateway pleas are rare[.]" *Id*.     To succeed on this claim, a petitioner must present a credible claim of actual innocence based on "new reliable evidence... that was not presented at trial," and he "must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt" in light of that new evidence of his factual innocence.     *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995).

   Here, Ficher fails to provide any compelling grounds for such a claim.     He suggests that he is actually innocent because prosecution witness, Robert Young, offered inconsistent and therefore arguably "unreliable" testimony at trial.     As "new" evidence in support of the actual innocence claim, he points to an affidavit he obtained from an uncalled defense witness, Kimmie Alexander, whom he disclosed to defense counsel in advance of trial.     In

19-30750.90

her affidavit, she states she saw someone other than Ficher shoot the victim.[18]

The record facts as succinctly summarized by the Louisiana Fourth Circuit on direct appeal established the following:

> On May 13, 1992, around noon, Arland Burrell went to pick up Kevin Smith in the Calliope Housing Project in an automobile owned by Smith's mother, Geraldine Johnson. Ms. Johnson lent the Oldsmobile Delta Eighty-Eight to Burrell earlier that day. Burrell was sitting in the driver's seat and Smith was standing outside the car near the front passenger's seat when Burrell saw the defendant approach the car and shoot Smith with a shotgun.    Burrell drove off, but stopped approximately one and a half blocks from the scene of the shooting.    Later Burrell identified the defendant's photograph from a photographic line-up. Another witness, Robert Young, testified at trial that he, too, saw the defendant shoot Kevin Smith with a shotgun. Young also selected the defendant's photograph from the line-up. According to Dr. Susan Garcia, an expert in the field of forensic pathology, Smith died as the result of three shotgun blasts, one each to the head, chest and lower back. The defendant was arrested in Dekalb County, Georgia, on July 24, 1992, and extradited to Louisiana on October 24, 1992.

> The defendant presented an alibi defense and attempted to impeach the credibility of witness Robert Young. The defendant's girlfriend, Alecia Boutte, testified that the defendant, a senior at Sara T. Reed High School, was the father of her baby and living at her house at the time of the murder. She stated that the defendant was in bed with her when she awoke that day. However, on cross-examination, Ms. Boutte admitted that she did not know what time she woke up. The defendant's mother related that her son was living with Ms. Boutte at the time of the murder. The defendant testified that he knew Smith from the neighborhood and told Smith not to sell drugs in front of his mother's home. The defendant, who was not attending school at the time of the murder, denied killing Smith.[19]

In rejecting Ficher's direct appeal claim that the evidence was insufficient to support the conviction, the court of appeal reasoned:

> The defendant also argues that the evidence was insufficient to support the jury's verdict. He points out that state witness Robert Young's credibility at

---

[18]  Rec. Doc. 1-1, p. 2.

[19]  *State v. Fisher*, 95-0476 (La. App. 4 Cir. Jan. 19, 1995) (unpublished).

19-30750.91

trial was impeached by his contrary testimony given at the motion to suppress hearing.

Young gave a statement to police hours after the shooting incident. At that time, he told police that he had seen the defendant shoot the victim with a shotgun. Young initialed each page of the statement and signed it. At the suppression hearing on March 2, 1993, Young denied seeing the shooting, insisted that he had not voluntarily signed the statement, and maintained that he had not independently selected the defendant's photograph from the line-up. Detective Anthony Caprerra testified on March 2, 1993, that Young had independently selected the defendant's photograph from the line-up. Officer Wayne Rumore, the police officer who took Young's statement, testified at the hearing on April 13, 1993. He stated that Young had voluntarily given the statement and denied coercing or threatening the witness in any manner. At trial, Young testified that he saw the defendant shoot the victim with a shotgun, but Young admitted that he testified differently at the motion to suppress hearing on March 2, 1993. Young admitted that he has a conviction for possession of cocaine and that he was then serving a sentence for possession of heroin. He insisted that, though he lied at the suppression hearing, he told the truth in his statement given to police several hours after the shooting and that he was telling the truth to the jury.

Even if the defense impeached Young's credibility, the state introduced other evidence which was sufficient to support the jury's verdict. Dr. Garcia testified that the victim was shot three times with a shotgun at close range. Burrell stated to the police and testified at trial that he saw the defendant shoot Kevin Smith with a shotgun. Considering that Burrell's statement that Smith and he sold drugs was an admission against his own interest, the jury chose to believe his testimony regarding the shooting incident rather than the testimony of the defendant. Upon this evidence, viewed in a light most favorable to the prosecution, any rational jury could have found beyond a reasonable doubt that the state met its burden of proving pursuant to La. R.S. 14:30.1 that the defendant murdered the victim with the specific intent to kill or to inflict great bodily harm.[20]

Even if the evidence offered by Ficher could be considered "new," Ficher's assertions regarding Young's inconsistent statements and Alexander's proposed testimony fail to satisfy the rigorous burden of showing that he was factually innocent of second-degree

---

[20] *Id.* at pp. 4-5.

murder.[21]     His assertions establish only the existence of conflicting evidence and credibility issues.     *Bosley v. Cain*, 409 F.3d 657, 665 (5th Cir. 2005).     He has not shown that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of this purported new evidence of his factual innocence.     *Schlup*, 513 U.S. at 324.

### D.  Other Tolling Relief

Finally, to the extent Ficher suggests that *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), excuses his untimely federal application, the Court rejects any such argument.     *See also Trevino v. Thaler*, 133 S.Ct. 1911 (2013).     In *Martinez*, the Supreme Court held that a procedural bar imposed by state courts " 'will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.' "     *Trevino v. Thaler*, 133 S.Ct. at 1912 (quoting *Martinez*, 132 S. Ct. at 1320). Neither decision addresses nor provides an excuse for the untimely filing of a federal habeas petition.     *See Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at * 1 (W.D. La. Jul. 2, 2014); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report and Recommendation).     Nor do *Martinez*

---

[21]   As the record shows, the defense highlighted the inconsistency in Young's testimony at trial; the jury weighed his credibility in reaching the guilty verdict. Furthermore, as Ficher maintains and Alexander's affidavit reflects, the defense admittedly knew before trial about Alexander, who allegedly could have offered conflicting testimony about the shooter.

or *Trevino* constitute new rules of constitutional law made retroactive on collateral review to start a new one-year statute of limitations period under the AEDPA. *See In re Paredes*, 587 F. Appx. 805, 813 (5th Cir. Oct. 25, 2014) ("... the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012). Any such argument under *Martinez* for equitable or statutory relief for his untimely filing under the AEDPA, is simply misplaced.

Ficher's application was filed more than eight years after the federal limitations period expired. He has not established that the actual-innocence exception applies or that the limitations period was tolled. Therefore, his federal habeas corpus petition should be dismissed with prejudice as untimely.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that Ficher's application for federal habeas corpus relief be **DISMISSED WITH PREJUDICE**. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[22]

---

[22] *Douglass* referenced the previously applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that

19-30750.94

Case: 2:14-cv-02281-SM Document 149 Filed 09/08/17 Page 15 of 15

New Orleans, Louisiana, this __8th__ day of __September__, 2017.

**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

period to 14 days.

**4**

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES J. FICHER, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-02281** |
| **JERRY GOODWIN, WARDEN, DAVID WADE CORRECTIONAL CENTER** | **SECTION "E"(5)** |

## ORDER AND REASONS

Before the Court is a Report and Recommendation issued by Magistrate Judge Michael B. North recommending Petitioner Charles Ficher, Jr.'s petition for federal habeas corpus relief be dismissed with prejudice as time-barred.[1] Petitioner objected to the Magistrate Judge's Report and Recommendation.[2] For the reasons that follow, the Court **ADOPTS** the Report and Recommendation as its own, and hereby **DENIES** Petitioner's application for relief.

## BACKGROUND

Petitioner is an inmate currently incarcerated in the Dixon Correctional Institute in Jackson, Louisiana.[3] In November 1992, he was indicted by an Orleans Parish grand jury and charged with one count of second-degree murder.[4] On October 26, 1993, a jury found him guilty of the charged count.[5] On November 9, 1993, his motion for new trial

---

[1] R. Doc. 14.
[2] R. Doc. 24.
[3] R. Doc. 25.
[4] State Rec., Vol. 1 of 3, Grand Jury Indictment. The indictment refers to defendant as Charles "Fisher." The state court record also includes the alternate spelling, "Fischer." His federal court petition, however, is styled Charles "Ficher."
[5] State Rec., Vol. 1 of 3, Minute Entry, 10/26/93.

was denied and he was sentenced to life imprisonment without benefit of probation, parole or suspension of sentence.[6]

On direct appeal, Petitioner's appointed counsel requested a review for only errors patent and moved to withdraw.[7] Petitioner, pro se, filed a supplemental brief.[8] On January 19, 1995, the Louisiana Fourth Circuit Court of Appeal affirmed his conviction and sentence.[9] On June 16, 1995, the Louisiana Supreme Court denied his writ of certiorari.[10] Petitioner did not seek a writ of certiorari from the United States Supreme Court.[11]

On October 22, 1996, Petitioner filed his first application for post-conviction relief with the state district court.[12] On March 9, 1998, the state district court rendered judgment denying relief on the merits.[13] On May 28, 2003, Petitioner, having failed to receive a ruling from state district court, filed his first writ of mandamus with the Louisiana Fourth Circuit Court of Appeal.[14] On June 23, 2003, the state appellate court issued a decision on Petitioner's pending post-conviction application, determining Petitioner was not entitled to relief.[15] Petitioner then filed a writ application with the Louisiana Supreme Court. On August 20, 2004, the Louisiana Supreme Court denied

---

[6] State Rec., Vol. 1 of 3, Minute Entry, 11/9/93.
[7] R. Doc. 14 at 2.
[8] *Id.*
[9] *State v. Fisher*, 94-KA-0191 (La. App. 4 Cir. 1995), 648 So.2d 52 (Table); see State Rec., Vol. 2 of 3.
[10] *State v. Fisher*, 95-KO-0476 (La. 1995), 655 So.2d 341; State Rec., Vol. 2 of 3.
[11] R. Doc. 14 at 2.
[12] State Rec., Vol. 1 of 3, Uniform Application for Post-Conviction Relief. Petitioner's application was signed and notarized on October 22, 1996, which is presumably the earliest date he could have placed it in the prison mail system. *See* Affidavit attached to PCR application; *Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006) (requiring federal habeas courts apply Louisiana's mailbox rule to determine the filing date of a Louisiana state court filing, which provides such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system.").
[13] State Rec., Vol. 1 of 3, Judgment, 3/9/98.
[14] R. Doc. 14 at 3.
[15] *State v. Ficher* (Fisher), No. 2003-K-0964 (La. App. 4 Cir. 2003) (unpublished decision).

19-30750.168

Petitioner's writ application.[16] In September 2004, Petitioner filed his second application for writ of mandamus with the Louisiana Fourth Circuit Court of Appeal.[17] The Louisiana Fourth Circuit denied Petitioner's writ application "as repetitive."[18] On August 19, 2005, the Louisiana Supreme Court denied petitioner's writ application as "moot."[19]

On October 6, 2005, Petitioner filed his first federal habeas corpus application with this Court, asserting: (1) he was denied a fair trial due to prosecutorial misconduct; (2) his conviction was based on insufficient evidence; (3) he received ineffective assistance of counsel for failing to present witnesses on his behalf and to request a limiting instruction regarding the use of prior inconsistent statements; and (4) the grand-jury indictment was unconstitutionally obtained.[20] Because his federal petition contained both exhausted claims (Nos. 2 and 3) and unexhausted claims (Nos. 1 and 4), the district court dismissed the petition without prejudice for failure to exhaust state-court remedies on November 19, 2008.[21] Petitioner moved for a certificate of appealability ("C.O.A"), which the Fifth Circuit Court of Appeals denied on October 6, 2009, explaining "the district court correctly determined that Ficher's petition was a 'mixed petition' for failure to exhaust state remedies for his [claims nos. 1 and 4]."[22]

On March 18, 2013, Petitioner filed a second application for post-conviction relief

---

[16] *State ex rel. Ficher v. State*, No. 2003- KH-2071, 882 So.2d 564 (La. 2004).
[17] R. Doc. 14 at 3.
[18] *State v. Ficher*, No. 2004-K-1587 (La. App. 4 Cir. 2004) (unpublished decision).
[19] *State ex rel. Ficher v. State*, No. 2004-KH-2820, 908 So.2d 663 (La. 2005).
[20] R. Doc. 14 at 4.
[21] *Id.*
[22] *See* R. Doc. 23 (Order Denying Petitioner's C.O.A. Motion) filed in *Charles Ficher v. Burl Cain*, Civ. Action No. 05-6373 (E.D. La. 2005).

19-30750.169

with the state district court.[23] On May 14, 2013, the state district court denied relief.[24] On September 4, 2013, Petitioner submitted a related supervisory writ application to the Louisiana Fourth Circuit Court of Appeal.[25] On October 3, 2013, the appellate court found Petitioner's claims time-barred under La. Code Crim. P. art. 930.8.[26] On October 22, 2013, Petitioner filed a supervisory writ application with the Louisiana Supreme Court.[27] On June 20, 2014, the Louisiana Supreme Court denied the application as untimely.[28]

On September 24, 2014, Petitioner filed the instant federal petition for habeas corpus relief, asserting: (1) he was denied a fair trial due to prosecutorial misconduct and (2) ineffective assistance of trial counsel for failing to (a) present a witness, (b) request a limiting instruction concerning proper use of prior inconsistent statements, and (c) challenge the grand-jury indictment.[29] The Respondent filed a response, arguing the petition should be dismissed as untimely.[30] Petitioner filed a reply.[31] On September 8, 2017, the magistrate judge issued a report and recommendation recommending the petition be dismissed with prejudice as untimely.[32] On November 2, 2017, then-District Court Judge Kurt Engelhardt issued an order adopting the report and recommendation[33] and entered judgment in favor of Respondent.[34] On November 27, 2017, the Court

---

[23] State Rec., Vol. 3 of 3, Uniform Application for Post-Conviction Relief. The application contained in the state-court record is undated. However, in his reply, Ficher submitted a copy of a withdrawal request slip for funds dated March 18, 2013, which he claims reflects the date he mailed the PCR application to the state district court. R. Doc. 13. The Court will adopt that date, which coincides with the State's assertion that "at some point in early 2013, he filed a new application for post-conviction relief." R. Doc. 12 at 4.
[24] State Rec., Vol. 3 of 3, District Court Judgment denying PCR signed May 14, 2013.
[25] State Rec., Vol. 3 of 3, State v. Charles Fischer, Jr., 2013-K-1315 (La. App. 4 Cir. Oct. 3, 2013).
[26] *Id.*
[27] *State ex rel. Charles Fischer, Jr. v. State*, 2013-KH-2543 (La. 6/20/14), 141 So.3d 279.
[28] *Id.*
[29] R. Doc. 1.
[30] R. Doc. 12.
[31] R. Doc. 13.
[32] R. Doc. 14.
[33] R. Doc. 16.
[34] R. Doc. 17.

received a letter from Petitioner indicating he never received a copy of the magistrate judge's report and recommendation.[35] On November 29, 2017, the Court ordered Petitioner would have until December 29, 2017 to file objections to the report and recommendation.[36] Petitioner filed an objection on December 29, 2017.[37]

## ANALYSIS

### I.  Standard of Review

In reviewing the magistrate judge's Report and Recommendations, the Court must conduct a de novo review of any of the magistrate judge's conclusions to which a party has specifically objected.[38] As to the portions of the report that are not objected to, the Court needs only review those portions to determine whether they are clearly erroneous or contrary to law.[39]

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court must defer to the decision of the state court on the merits of a pure question of law or a mixed question of law and fact unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[40] A state court's decision is contrary to clearly established federal law if: "(1) the state court applies a rule that contradicts the governing law announced in Supreme Court cases, or (2) the state court decides a case differently than the Supreme Court did on a set of materially indistinguishable facts."[41] AEDPA

---

[35] R. Doc. 21.
[36] *Id.*
[37] R. Doc. 24.
[38] *See* 28 U.S.C. § 636(b)(1) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[39] *Id.*
[40] 28 U.S.C. § 2254(d)(1).
[41] *Williams*, 529 U.S. at 405–06.

19-30750.171

requires that a federal court "accord the state trial court substantial deference."[42]

## II.    Statute of Limitations

The AEDPA provides "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."[43] The limitation period runs from the latest of:

> **(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[44]

The one-year period of limitation may be tolled in certain situations. First, the AEDPA statutorily allows the one-year limitations period to be interrupted in the following regard: "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."[45] Second, the one-year period of limitation may be equitably tolled in extraordinary circumstances.[46] Third, a plea of actual innocence can overcome the AEDPA's one-year limitations for filing a habeas petition.[47]

---

[42] *Brumfield v. Cain*, 135 S. Ct. 2269 (2015).
[43] 28 U.S.C. § 2244(d)(1).
[44] *Id*. § 2244(d)(1)(A)-(D) (emphasis added).
[45] *Id*. § 2244(d)(2).
[46] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990)).
[47] *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

6

Magistrate Judge North recommended this Court dismiss Petitioner's petition as untimely because Petitioner failed to file his federal habeas petition within the one-year statute of limitations period.[48] This Court agrees with the magistrate judge's recommendation.

### A.    One-Year Limitation Period

Generally, a petitioner must file his federal habeas petition within one year of the date on which his underlying criminal judgment becomes "final."[49] "When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court."[50] In this case, Petitioner's state criminal judgment of conviction became final on September 14, 1995 when the 90-day period for seeking a writ of certiorari from the United States Supreme Court expired and Petitioner had not filed for relief.[51] However, because Petitioner's conviction predated the enactment of the AEDPA, Petitioner is entitled to a "grace period" of one year from the AEDPA's date of enactment, April 24, 1996.[52] Accordingly, the grace period expired on April 24, 1997. Because Petitioner filed the instant federal habeas petition on September 24, 2014, his petition was filed untimely unless the one-year statute of limitations was tolled or otherwise interrupted.

---

[48] R. Doc. 14.

[49] 28 U.S.C. § 2244(d)(1)(A).

[50] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (citing *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003)).

[51] *See Roberts*, 319 F.3d at 693.

[52] *Grillette v. Warden, Winn Correctional Center*, 372 F.3d 765, 768 (5th Cir. 2004) (citing *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003)).

7

## B.      Statutory Tolling

Section 2244(d)(2) of the AEDPA provides the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" shall not be counted toward the one-year limitation period.[53] Accordingly, the time during which Petitioner's timely-filed state-court collateral-review remained pending—from October 22, 1996 through August 19, 2005—is properly tolled under Section 2244(d)(2). After August 19, 2005, the first application for post-conviction relief Petitioner filed was his first application for federal habeas corpus review. However, an application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of Section 2244(d)(2).[54] Therefore, Petitioner's federal application filed on October 6, 2005 did not toll the one-year limitation period under the AEDPA.

The Report and Recommendation states: "Ficher did not file any other applications for post-conviction relief or collateral review with the state district court until March 2013."[55] Petitioner objects to this statement, arguing:

> [O]n September 30th of 2009, In case no. 09-30014, *Ficher v. Cain* USDC No. 2:05-cv-6373, under United States Circuit Judge Carolyn Dineen King, in the United States Court of Appeals, Fifth Circuit, [Petitioner] was denied without prejudice His request for a C.O.A. . . . Notwithstanding, Orleans Criminal Parish had determined under [*Rhines v. Weber,* 544 U.S. 269 (2005)] that there was no good cause for the Petitioner to exhaust his claims first in state court. Which in term, created the complex circumstances whereas the Petitioner could not go forward nor backwards (with his unexhausted claim!)[.][56]

The Court agrees with the magistrate judge. First, it appears Petitioner's argument is he was prevented from filing an application in state court after the federal district court

---

[53] 28 U.S.C. § 2244(d)(2).
[54] *Duncan v. Walker,* 533 U.S. 167, 181-82 (2001).
[55] R. Doc. 14 at 9.
[56] R. Doc. 24 at 4-5.

19-30750.174

dismissed his first federal application: to wit, because the state courts denied Petitioner's writ application filed in October 1996, and because he brought no new claims when he filed his first federal habeas petition in October 2005, all of the claims in his first federal application were exhausted.[57] However, as the district court held in 2008, Petitioner's federal application contained unexhausted claims.[58] The Fifth Circuit subsequently held "the district court correctly determined Ficher's petition was a 'mixed petition' for failure to exhaust state remedies for his prosecutorial misconduct and unconstitutionally empaneled grand jury claims."[59] Petitioner was therefore not prevented from filing an application in state court. Second, because Petitioner's first federal application does not constitute an "application for State post-conviction or other collateral review" within the meaning of Section 2244(d)(2),[60] Petitioner's motion for a certificate of appealability filed in the same matter likewise does not constitute an "application for State post-conviction or other collateral review" within the meaning of Section 2244(d)(2). Third, and in any event, even tolling the time during which Petitioner's first federal application was pending, Petitioner's instant federal application would still be untimely.

By the time Petitioner filed his state court application in March 2013, the AEDPA's one-year limitations period had long since expired. Once the federal one-year limitations period has expired, "[t]here is nothing to toll."[61] Accordingly, Petitioner's state court application for post-conviction relief filed in March 2013 does not toll the one-year

---

[57] *See* R. Doc. 13 (Objection to Report and Recommendation) filed in *Charles Ficher v. Burl Cain*, Civ. Action No. 05-6373 (E.D. La. 2005).
[58] *See* R. Doc. 14 (Order Adopting Report and Recommendation) filed in *Charles Ficher v. Burl Cain*, Civ. Action No. 05-6373 (E.D. La. 2005).
[59] *See* R. Doc. 23 (Order Denying Petitioner's C.O.A. Motion) filed in *Charles Ficher v. Burl Cain*, Civ. Action No. 05-6373 (E.D. La. 2005).
[60] *Duncan*, 533 U.S. 181-82.
[61] *Butler*, 533 F.3d at 318.

19-30750.175

limitations period. Petitioner's federal application is therefore untimely, even including the applicable statutory tolling credit Petitioner's state court application, filed on October 22, 1996, remained pending.

### C.   Equitable Tolling

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[62] In this case, Petitioner does not expressly argue he is entitled to equitable tolling. However, Petitioner argues: "Petitioner had inadvertently become Judicially stagnated up until the arrival of *Martinez vs. Ryan*" and "Petitioner filed his instant application reliance on *Martinez* within one-year of said decision."[63] However, "a mere change in decisional law ordinarily does not constitute an extraordinary circumstance under the rule."[64] Thus, even if Petitioner has met burden to establish he has been pursuing his rights diligently, he has not satisfied his burden to establish an extraordinary circumstance stood in his way. The record likewise does not reveal any extraordinary circumstances that would warrant equitable tolling. Mistake, ignorance of the law, and a prisoner's pro se status do not warrant equitable tolling.[65] Accordingly, the Court finds Petitioner is not entitled to equitable tolling.

---

[62] *Pace*, 544 U.S. at 418; *see also Holland v. Florida*, 560 U.S. 631, 649 (2010).

[63] R. Doc. 24 at 5-6.

[64] *Clark v. Stephens*, 627 F. App'x 305, 307 (5th Cir. 2015) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 536–37 (2005); *Hernandez v. Thaler*, 630 F.3d 420, 429-30 (5th Cir. 2011)); *see also Gonzalez*, 545 U.S. at 536 ("The District Court's interpretation was by all appearances correct under the [appellate court's] then-prevailing interpretation of 28 U.S.C. § 2244(d)(2). It is hardly extraordinary that subsequently, after petitioner's case was no longer pending, [the appellate court] arrived at a different interpretation [of the AEDPA].").

[65] *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

19-30750.176

### D.     Actual Innocence

 "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations."[66] "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"[67] "To be credible, such a claim [of actual innocence] requires petitioner to support his allegations . . . with new reliable evidence . . that was not presented at trial."[68] To succeed on an actual innocence claim, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."[69]

In the instant petition, Petitioner suggests he is actually innocent because prosecution witness, Robert Young, offered inconsistent and therefore arguably unreliable testimony at trial.[70] As "new" evidence in support of the actual innocence claim, Petitioner points to an affidavit he obtained from an uncalled defense witness, Kimmie Alexander, whom he disclosed to defense counsel in advance of trial. In her affidavit, she states she saw someone other than Petitioner shoot the victim.[71] In his objection to the report and recommendation, Petitioner reiterates his argument that Alexander's testimony is "new" evidence "not presented at trial" establishing his actual innocence.[72]

---

[66] *McQuiggin*, 569 U.S. at 386.
[67] *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).
[68] *Schlup*, 513 U.S. at 324.
[69] *Id.* at 327.
[70] R. Doc. 1 at 2-3.
[71] R. Doc. 1-1 at 2.
[72] R. Doc. 24 at 10-11.

19-30750.177

It is doubtful whether Alexander's testimony constitutes "new" evidence. In rejecting Petitioner's direct appeal claim regarding the sufficiency of the evidence upon which Petitioner was convicted, the state district court held: "[e]ven if the defense impeached Young's credibility, the state introduced other evidence which was sufficient to support the jury's verdict."[73] In any event, Petitioner has established merely the existence of conflicting evidence and credibility issues,[74] not that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."[75] Accordingly, Petitioner's actual innocence claim does not entitle him to tolling of one-year limitations period.

### E.    *Martinez*

In *Martinez v. Ryan*, the Supreme Court held "a procedural default [imposed by state courts] will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."[76] Notably, "*Martinez* does not apply to § 2244(d)'s one-year limitations period."[77] In his objection to the report and recommendation, Petitioner "submits[] that Louisiana State Law and Federal law requires this Honorable Court to apply *Martinez* retroactively."[78] However, "the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."[79] Accordingly, Petitioner's objection cannot

---

[73] *State v. Fisher*, 95-0476, at 4-5 (La. App. 4 Cir. Jan. 19, 1995) (unpublished).

[74] *Bosley v. Cain*, 409 F.3d 657, 665 (5th Cir. 2005).

[75] *Schlup*, 513 U.S. at 327.

[76] 566 U.S. 1, 17 (2012); *see also Trevino v. Thaler*, 133 S. Ct. 1911, 1912 (2013).

[77] *Shank v. Vannoy*, No. 16–30994, 2017 WL 6029846, at *2 (5th Cir. Oct. 26, 2017) (citing *Lombardo v. United States*, 860 F.3d 547, 557–58 (7th Cir. 2017); *Arthur v. Thomas*, 739 F.3d 611, 630–31 (11th Cir. 2014); *Bland v. Superintendent Greene SCI*, 2017 WL 3897066, at *1 (3d Cir. 2017)).

[78] R. Doc. 24 at 7.

[79] *In re Paredes*, 587 F. App'x 805, 813 (2014).

19-30750.178

succeed. Petitioner is not entitled to any relief under *Martinez* for his untimely filing under the AEDPA.

The Court, having considered the record, the applicable law, relevant filings, and the magistrate judge's Report and Recommendation finds the magistrate judge's findings of fact and conclusions of law are correct and hereby approves the United States Magistrate Judge's Report and Recommendation and **ADOPTS** it as its opinion in this matter.[80]

**CONCLUSION**

**IT IS ORDERED** that Petitioner Charles Ficher, Jr.'s petition against Respondent Jerry Goodwin be and hereby is **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana, this 2nd day of August, 2019.**

*Susie Morgan*
_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT**
**JUDGE**

---

[80] R. Doc. 9.

19-30750.179

**5**

### "Affidavit of Ms. Kimmie Alexander"-2002

On May 13 of 1992 around 12-o-clock noon, I, Kimmie Alexander, witneseed the murder of Kevien Smith while looking out my back

window. I saw the man come from behind the bushes with a long black gun in front of the 3800 block of Martin Luther King. He began

shooting as he came from out of the bushes. He kept firing and pumping the gun until he caught up with Kevien. When he stoped

shooting, he ran right infront my house and then into the Thalia Courtyard. The man's face was not fimiliar, however, the man was not

Charles Ficher who I've known to stay around that area for some years. After finding out later that Charles Ficher was being charged

with that same murder, I volunteered to tell what I saw after getting in touch with his people. I was told that I would be subpoenaed by

his lawyer but I was never subpoenaed.

Sincerely,

*Kimmie Alexander*

Sworn to and subscribed to before me this _____ day of _____ 200_

_____
Notary Public

19-30750.17

**6**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CHARLES J. FICHER, JR.                          CIVIL ACTION

VERSUS                                          NO. 14-02281

JERRY GOODWIN, WARDEN,                          SECTION "E"(5)
DAVID WADE CORRECTIONAL
CENTER

**AMENDED JUDGMENT**

The Court having approved the Report and Recommendation of the United States

Magistrate Judge and having adopted it as its opinion herein; accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that there be judgment in

favor of Defendant, Jerry Goodwin, and against Plaintiff, Charles J. Ficher, dismissing

with prejudice Ficher's petition for issuance of a writ of habeas corpus under 28 U.S.C. §

2254 as time-barred.

**New Orleans, Louisiana, this 11th day of September, 2019.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT**
**JUDGE**

19-30750.203

7

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CHARLES F. FICHER, JR.**[1]                    **CIVIL ACTION**

**VERSUS**                                        **NO. 14-2281**

**JASON KENT, WARDEN**                            **SECTION: "E"(5)**

**REPORT AND RECOMMENDATION**

Upon remand by the United States Fifth Circuit Court of Appeals, this matter was referred to the undersigned United States Magistrate Judge for the limited purpose of determining whether petitioner, Charles Ficher, Jr., timely filed his pro se notice of appeal.[2] In the remand order, the Fifth Circuit noted that the Judgment was entered August 2, 2019.[3] Ficher's notice of appeal was due September 3, 2019, but it was filed on September 6, 2019. The date stamp on the envelope was September 4, 2019.    The Court of Appeals remanded for a determination of whether the notice of appeal was timely deposited in the prison's internal mail system on or before September 3, 2019.[4]

---

[1]  Ficher's federal application is styled Charles **J.** Ficher, Jr. This was apparently a typographical error, because his later filings bear the name Charles **F.** Ficher, Jr.

[2]  Rec. Docs. 35, 36.

[3]  The U.S. Fifth Circuit referenced the Judgment issued 8/2/2019 at Rec. Doc. 28. The Court notes that an Amended Judgment was later issued with the correct petitioner on 9/11/2019. Rec. Doc. 31.

[4]  Federal Rule of Appellate Procedure 4 (c) states: "If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 4(c)(1). If an inmate files a notice of appeal in either a civil or criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and (A) it is accompanied by (i) a declaration in compliance with 28 U.S.C. § 1746—or a notarized statement—setting out the date of the deposit and stating that first-class postage is being pre-paid; or (ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid; or (B) the court of appeals

As noted in the referral order, the notice of appeal was signed and dated September 2, 2019[5] and the date stamp on the envelope indicates it was mailed September 4, 2019. Ficher has submitted a *pro se* response with several attached Offender Funds Withdrawal Request Forms, which he contends show that he initiated the mailing process of the notice of appeal by submitting the document to prison officials requesting copies September 2, 2019.[6]   The date of the withdrawal request for copies matches the date September 2, 2019, which appears on his certificate of service for his notice of appeal.

Counsel was appointed for Ficher and appeared for a status conference before the undersigned on March 4, 2021.   Counsel for Respondent, on behalf of the Warden, advised at that time that he had no opposition or reason to contest the fact that the notice of appeal was timely-filed under the prison mailbox rule.[7]   A supplemental response was filed by Respondent to this effect.[8]   There is no evidence contradicting the fact that Ficher's notice of appeal was signed and dated September 2, 2019, and that his documents were deposited with prison officials on this date for mailing his notice of appeal.[9]

Considering the uncontested evidence submitted by Ficher and the Respondent's

---

exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 4(c)(1)(A)(i)." Fed. R. App. P. 4(c)(1).

[5]   Rec. Doc. 36, Order and Reasons, p. 2. *See also* Rec. Doc. 30, Notice of Appeal, p. 9.

[6]   The copy quality is poor, but the 9/2/2019 date is legible. Rec. Doc. 42-2, p. 1.

[7]   Rec. Doc. 43, Minute Entry.

[8]   Rec. Doc. 41, Supplemental Response.

[9]   The Court notes that Monday, September 2, 2019 was Labor Day.

19-30750.245

formal concession of timeliness, the undersigned finds that Ficher's notice of appeal was timely filed on or before September 3, 2019.

## RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that petitioner, Charles Ficher, Jr.'s, notice of appeal be considered timely filed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.    28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[10]

New Orleans, Louisiana, this ___17th___ day of _____March_____, 2021.

MICHAEL B. NORTH
**UNITED STATES MAGISTRATE JUDGE**

---

[10]    *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

3

**8**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CHARLES F. FICHER, JR.**[1]                                    **CIVIL ACTION**

**VERSUS**                                                            **NO. 14-2281**

**JASON KENT, WARDEN**                                **SECTION: "E"(5)**

**REPORT AND RECOMMENDATION**

  Upon remand by the United States Fifth Circuit Court of Appeals, this matter was referred to the undersigned United States Magistrate Judge for the limited purpose of determining whether petitioner, Charles Ficher, Jr., timely filed his pro se notice of appeal.[2] In the remand order, the Fifth Circuit noted that the Judgment was entered August 2, 2019.[3] Ficher's notice of appeal was due September 3, 2019, but it was filed on September 6, 2019. The date stamp on the envelope was September 4, 2019.     The Court of Appeals remanded for a determination of whether the notice of appeal was timely deposited in the prison's internal mail system on or before September 3, 2019.[4]

---

  [1] Ficher's federal application is styled Charles **J.** Ficher, Jr. This was apparently a typographical error, because his later filings bear the name Charles **F.** Ficher, Jr.

  [2] Rec. Docs. 35, 36.

  [3] The U.S. Fifth Circuit referenced the Judgment issued 8/2/2019 at Rec. Doc. 28. The Court notes that an Amended Judgment was later issued with the correct petitioner on 9/11/2019. Rec. Doc. 31.

  [4] Federal Rule of Appellate Procedure 4 (c) states: "If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 4(c)(1). If an inmate files a notice of appeal in either a civil or criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and (A) it is accompanied by (i) a declaration in compliance with 28 U.S.C. § 1746—or a notarized statement—setting out the date of the deposit and stating that first-class postage is being pre-paid; or (ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid; or (B) the court of appeals

19-30750.244

As noted in the referral order, the notice of appeal was signed and dated September 2, 2019[5] and the date stamp on the envelope indicates it was mailed September 4, 2019. Ficher has submitted a *pro se* response with several attached Offender Funds Withdrawal Request Forms, which he contends show that he initiated the mailing process of the notice of appeal by submitting the document to prison officials requesting copies September 2, 2019.[6] The date of the withdrawal request for copies matches the date September 2, 2019, which appears on his certificate of service for his notice of appeal.

Counsel was appointed for Ficher and appeared for a status conference before the undersigned on March 4, 2021. Counsel for Respondent, on behalf of the Warden, advised at that time that he had no opposition or reason to contest the fact that the notice of appeal was timely-filed under the prison mailbox rule.[7] A supplemental response was filed by Respondent to this effect.[8] There is no evidence contradicting the fact that Ficher's notice of appeal was signed and dated September 2, 2019, and that his documents were deposited with prison officials on this date for mailing his notice of appeal.[9]

Considering the uncontested evidence submitted by Ficher and the Respondent's

---

exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 4(c)(1)(A)(i)." Fed. R. App. P. 4(c)(1).

[5] Rec. Doc. 36, Order and Reasons, p. 2. *See also* Rec. Doc. 30, Notice of Appeal, p. 9.

[6] The copy quality is poor, but the 9/2/2019 date is legible. Rec. Doc. 42-2, p. 1.

[7] Rec. Doc. 43, Minute Entry.

[8] Rec. Doc. 41, Supplemental Response.

[9] The Court notes that Monday, September 2, 2019 was Labor Day.

19-30750.245

formal concession of timeliness, the undersigned finds that Ficher's notice of appeal was timely filed on or before September 3, 2019.

### RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that petitioner, Charles Ficher, Jr.'s, notice of appeal be considered timely filed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.    28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[10]

New Orleans, Louisiana, this __17th__ day of _____March_____, 2021.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[10]    *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

19-30750.246

**9**

## CERTIFICATE OF SERVICE

I, NISHA SANDHU, certify that today, January 28, 2022, a copy of the Record Excerpts was served upon counsel listed below by electronic delivery via CM/ECF:

**G. Ben Cohen, Assistant District Attorney, Parish of Orleans**


/s/  Nisha Sandhu
NISHA SANDHU