No. 19-30750

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

Charles F. Ficher, Jr.,   *Petitioner - Appellant*

v.

Jason Kent, Warden, Dixon Correctional Institute, *Respondent - Appellee*

## On Appeal from
United States District Court for the Eastern District of Louisiana
2:14-CV-2281

## BRIEF OF APPELLEE JASON KENT, WARDEN, DIXON
## CORRECTIONAL INSTITUTE

SUBMITTED BY:
G. Ben Cohen
District Attorney's Office
619 S. White Street
New Orleans, LA 70119
bcohen@orleansda.com
504-571-2946

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Appellees: | Counsel for Appellees: |
|---|---|
| Jason Kent, Warden, Dixon Correctional Institute | G. Ben Cohen of District Attorney's Office New Orleans, LA |

| Appellants: | Counsel for Appellants: |
|---|---|
| Charles Ficher | Nisha Sandhu Covington, LA |

| Other Interested Parties: | Counsel for Interested Parties: |
|---|---|
| David Varisco, trial defense counsel | |
| Dwight Doskey, appellate defense counsel | |
| Kevin Smith, victim | |

S/G. Ben Cohen
Attorney of record for Warden Kent

i

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is unlikely to assist the Court in answering the questions raised by the Appellant, Charles F. Ficher Jr., about whether he has a valid claim of actual innocence.  To the extent questions exist concerning the timeliness of his application and whether equitable tolling would apply, Respondent simply addresses the merits of the claims in respect of this Court's resources.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................................ i

STATEMENT REGARDING ORAL ARGUMENT ............................................. ii

TABLE OF CONTENTS ........................................................................................ iii

TABLE OF AUTHORITIES ................................................................................. iv

STATEMENT OF THE CASE ............................................................................... 1

SUMMARY OF ARGUMENT .............................................................................. 3

ARGUMENT ......................................................................................................... 3

**I.  TIMELINESS AND PROCEDURAL DEFAULT** ..................................... 3

**II.  THE STATE COURT'S DENIAL OF PETITIONER'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL WAS NOT AN UNREASONABLE APPLICATION OF SUPREME COURT PRECEDENT** ...................................................................................... 6

    A.  *The State Post-Conviction Court Did Not Unreasonably Apply United States Supreme Court Precedent In Rejecting The Claim That The Affidavit Of Kimmie Alexander Established Ineffective Assistance Of Counsel.* ............ 10

    B.  *The Claim of Ineffective Assistance Of Counsel Arising From The Testimony Of Robert Young Is Contradicted By The Record.* ........................... 12

CONCLUSION ..................................................................................................... 15

CERTIFICATE OF SERVICE ............................................................................ 16

CERTIFICATE OF COMPLIANCE .................................................................. 17

# TABLE OF AUTHORITIES

## Cases

*Duncan v. Walker*, 533 U.S. 167, 181–82 (2001)......................................................6

*Ficher v. Cain*, No. CIV. A. 05-6373, 2008 WL 4974431 ...................................7, 8

*Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770178 L. Ed. 2d 624 (2011). 10, 12

*Harrison v. Quarterman*, 496 F.3d 419 (5th Cir. 2007) .........................................11

*Jenkins v. Vannoy,* 17-30842, 2018 WL 11301544 (5th Cir. Nov. 21, 2018).........11

*Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).............12

*Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct. 1309 (2012) .............................................6

*Pape v. Thaler*, 645 F.3d 281 (5th Cir. 2011)............................................................13

*Richards v. Quarterman*, 566 F.3d 553 (5th Cir. 2009) .........................................13

*State ex rel. Ficher v. State*, 882 So.2d 564 (La. 2004)............................................8

*State v. Cousin*, 96-2973 (La. 4/14/98), 710 So. 2d 1065........................................13

*Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010) ...............................................11

## STATEMENT OF THE CASE

It has been almost thirty years since Kevin Smith was shot three times with a shotgun, at close range on May 13, 1992.  The murder occurred in broad daylight at roughly 1:00 p.m., outside the Calliope Project.  Charles Ficher (aka Fisher, and or Fischer) was indicted on November 12, 1992, for second degree murder.  ROA.81. He was 19 years old at the time of the offense.

David Varisco of the Orleans Indigent Defender Board represented Ficher. Varisco had been admitted to the Louisiana Bar in October, 1991. On March 2, 1993, hearings on motions occurred.  At the motion to suppress identification, both Arlin Barrell and Robert Young Jr. testified.  Barrell was sixteen years old at the time.  He testified to seeing Charles Ficher shoot and kill Kevin Smith.  Robert Smith testified that he had not witnessed the murder that occurred May 13, 1992, despite having given a sworn statement to the NOPD on the day of offense.    The transcript of the hearing indicates that both the trial judge and the prosecutor repeatedly warned Mr. Smtih of the penalty for perjury.

Trial began on October 26, 1993.  A partial transcript of the trial was included in the appellate record.  It comprises 79 pages.

The State's primary evidence implicating Mr. Ficher was the testimony of Arlin Barell and Robert Young.  Arlin Barrell sold drugs with Kevin Smith.  He was

sitting in Kevin Smith's car when Kevin Smith was walking toward it, and was shot. Barrell. He identified Charles Ficher as the shooter.

Robert Young Jr. testified that he was in jail for possession of heroin. He contradicted his testimony from the suppression hearing exonerating Mr. Ficher, and testified consistently with his initial statement to the police that he had witnessed Mr. Ficher shoot and kill Kevin Smith.

The State rested at page 55 of 79. Defense counsel sought to impeach Mr. Young with his prior testimony exonerating Mr. Ficher. As well, Alecia Boutte – Mr. Ficher's girlfriend -- provided an alibi. Mr. Ficher and his mother also testified. The jury began to deliberate at 5:25 p.m. The jury returned to court with a verdict at 5:47 p.m. Mr. Ficher was sentenced to life without parole on November 5, 1993.

Neither the opening statements nor the closing arguments are transcribed. Nor is voir dire or the return and polling of the jury's verdict.

A blank copy of the verdict form is included as page 44 of the record on appeal. It notes "Ten (10) out of twelve (12) of you jurors muse concur in arriving at a verdict in this matter." The record does not reveal the polling of the jury.[1]

The only relevant claims in petitioner's federal habeas petition still cognizable involve his claim that he received ineffective assistance of counsel based upon

---

[1] On March 21, 2021, petitioner filed a supplemental successor petition for post-conviction relief in state court alleging an unconstitutional conviction based upon a non-unanimous verdict. That petition is pending in state court.

counsel's failure to interview or subpoena witness Kimmy Alexander and his failure to request a limiting instruction concerning the State's impeachment of its own witness.

## SUMMARY OF ARGUMENT

Compliance with procedural rules promotes finality and confidence in the administration of justice. While an incarcerated defendant serving a life sentence may have little incentive to delay seeking constitutional relief, rules requiring the presentation of claims in an orderly fashion are designed to enhance confidence in the administration of justice. Elevation of procedure over substance does not. In end, because Mr. Ficher's claims have no merit, the State addresses them directly.

On the merits of the claim, petitioner has not established that the state court unreasonably applied United States Supreme Court precedent in denying his claim of ineffective assistance of counsel.

## ARGUMENT

### I.   TIMELINESS AND PROCEDURAL DEFAULT

Mr. Ficher has raised his claims for more than twenty-five years. He seeks equitable tolling for the delay in litigating and exhausting his claims. Respondent cannot verify or refute his assertions regarding the service of court orders, or assess the possibility that the pro se litigant received orders from the state court but did not understand their significance. Whether the delay is the fault of the Orleans Parish

court system, the United States Postal Service, or his pro se status, the advancement of his claims has been not altogether perfect. However, the claims for equitable tolling are at the very least not implausible. Nor can respondent identify a tactical purpose for the delay.

In this case, petitioner timely raised an ineffective assistance of counsel claim in state post-conviction. That claim is essentially the claim before this Court. His federal petition was dismissed without prejudice based upon his failure to fully exhaust a separate prosecutorial misconduct claim and a separate grand jury foreperson claim in state court. Notably, the District Court determined that a Memorandum in Support of Application for Post-Conviction Relief contained petitioner's argument that the grand jury which indicted him was unconstitutionally empaneled.[2] By the time he had returned to federal court, the time limitations on all of his claims had "long since expired." ROA.89.

To the extent the time limitations for federal review are not jurisdictional, respondent believes a single adjudication of the relevant claims, with appropriate deference to the state court decision, increases confidence in the administration of justice. The Magistrate's Report and Recommendation correctly noted that generally "the one-year limitation period is not tolled during the pendency of federal

---

[2] It is unclear whether petitioner alleges that his federal clock was tolled throughout the period that his grand jury foreperson claim was unexhausted.

4

habeas proceedings." ROA.88, *Ficher v. Vannoy*, 14-cv-02281-SM, Report and Recommendation September 8th, 2017, at pg 8, citing *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001). However, equitable tolling may be warranted where a federal petition is dismissed without prejudice in order to allow a pro se petitioner to exhaust state court remedies, and the petitioner's AEDPA clock runs during the pendency of the federal habeas proceeding.[3] Had petitioner been represented by counsel, he would have been informed of the choice to withdraw his unexhausted claims and proceed in federal court, or return to state court with the clear understanding that his federal claims would be time-barred on his return. As such, and because the claim raised here is the claim that was raised in the initial state post-conviction petition, exhausted through state court, and included in the initial federal habeas petition, and because respondent has not identified a tactical advantage to petitioner from the delay, respondent addresses the merits of the claims.

While, Petitioner arguably meets the standard for equitable tolling, he does not meet the standard for actual innocence. As the Magistrate Court found, "Even if the evidence offered by Ficher could be considered "new," Ficher's assertions regarding Young's inconsistent statements and Alexander's proposed testimony

---

[3] Respondent does not concede the veracity of petitioner's claims that he did not receive the order and decisions of various courts. Nor does the documentation available affirmatively rebut those claims.

fail to satisfy the rigorous burden of showing that he was factually innocent of second-degree murder. ROA.92-93. The only evidence to support a claim of newly discovered evidence of actual innocence is the affidavit of Kimie Alexander. "as Ficher maintains and Alexander's affidavit reflects, the defense admittedly knew before trial about Alexander, who allegedly could have offered conflicting testimony about the shooter" ROA.93 Ficher's allegations concerning the inconsistent testimony of Robert Young were introduced at trial and considered on appeal. ROA.92, ROA.93 ("the defense highlighted the inconsistency in Young's testimony at trial; the jury weighed his credibility in reaching the guilty verdict.").

While the question regarding whether Mr. Ficher received effective counsel in state-post conviction under *Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct. 1309 (2012), may have substantial academic significance, petitioner has not alleged let alone established prejudice from the deficiency.

## II.    THE STATE COURT'S DENIAL OF PETITIONER'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL WAS NOT AN UNREASONABLE APPLICATION OF SUPREME COURT PRECEDENT

The only substantive claim before this Court involves the allegation of ineffective assistance of counsel, arising from trial counsel's failure to present Kimmie Alexander at trial, and failure to request a limiting instruction with regard to the testimony of Robert Young. These claims were raised in Petitioner's initial

habeas petition which was denied without prejudice because of the failure to exhaust state court remedies concerning a separate claim.[4]  In its report and recommendation to dismiss the ineffective assistance of counsel claim, the magistrate judge observed:

> On October 22, 1996, petitioner filed an application for state post-conviction relief, arguing that counsel was ineffective due to his failure to present certain witnesses at trial and failure to request a particular jury instruction. On or about May 28, 2003, petitioner, having failed to receive a ruling from the state district court with respect to his post-conviction application, filed a writ of mandamus with the Louisiana Fourth Circuit Court of Appeal, seeking to have the state appellate court order the state district court to adjudicate his pending post-conviction application. On June 23, 2003, the state appellate court issued a decision wherein, "[i]n the interest of judicial economy," the court considered the merits of petitioner's pending post-conviction application and determined that petitioner was "not entitled to relief." Further, in light of its adjudication on the merits of petitioner's post-conviction application, the Louisiana Fourth Circuit denied petitioner's request for a writ of mandamus as moot. State v. Ficher (Fisher), No.2003–K–0964 (La.App. 4 Cir.2003) (unpublished decision). In connection with the state appellate court's June 23, 2003 denial of post-conviction relief, petitioner filed a writ application with the Louisiana Supreme Court. On August 20, 2004, the state high court denied petitioner's writ application. *State ex rel. Ficher v. State*, No.2003–KH–2071, 882 So.2d 564 (La.2004).
>
> In September, 2004, petitioner filed with the Louisiana Fourth Circuit Court of Appeal a second application for writ of mandamus, again complaining that the state district court had failed to issue a ruling on his post-conviction claim that counsel

---

[4] *Ficher v. Cain*, No. CIV. A. 05-6373, 2008 WL 4974431, at *1 (E.D. La. Nov. 19, 2008) (denying without prejudice the ineffective assistance of counsel claims because petitioner did not exhaust his grand jury claim).

was ineffective for failing to present certain witnesses to testify at trial and failing to request a limiting jury-instruction. On September 27, 2004, the Louisiana Fourth Circuit, noting that petitioner, pursuant to his second writ of mandamus, was seeking relief in connection with the same post-conviction application which the court had earlier rejected, denied petitioner's writ application "as repetitive". *State v. Ficher*, No.2004–K–1587 (La.App. 4 Cir.2004) (unpublished decision). On August 19, 2005, the Louisiana Supreme Court rejected petitioner's writ application, providing: "Denied. Moot. The court of Appeal has acted." *State ex rel. Ficher v. State,* No.2004–KH–2820, 908 So.2d 663 (La.2005).

*Ficher v. Cain*, No. CIV. A. 05-6373, 2008 WL 4974432, at *1–2 (E.D. La. Oct. 20, 2008), report and recommendation adopted, No. CIV. A. 05-6373, 2008 WL 4974431 (E.D. La. Nov. 19, 2008).

On the merits of the claim, petitioner has not established a viable claim of ineffective assistance of counsel.  Petitioner has not established that trial counsel was ineffective for failing to call Kimmie Alexander to testify.  The affidavit of Kimmie Alexander from 2002 indicates that she was willing to accept a subpoena to testify in 1993.  However, respondent can find no evidence in this record that *she informed defense counsel* of her knowledge of the offense at the time of trial or that defense counsel was informed of Kimmie Alexander's availability prior to trial, or that defense counsel's investigation was deficient.  Defense counsel presented two witnesses, including an alibi witness, at trial.  In post-conviction and federal habeas, petitioner has not provided any evidence that defense counsel was aware of Kimmie

Alexander's existence at the time of trial – and chose to ignore her, or that his investigation was so deficient as to constitute ineffective assistance of counsel. Alexander's affidavit – at best – asserts that she told "his people." Record Excerpts, 19-30750.17.[5]

While the question of whether counsel should have identified and contacted Kimmie Alexander may be a close call, there is no basis to allege ineffective assistance of counsel with regard to Robert Young's testimony. The decision to re-call Robert Young was not deficient performance. And the claim that counsel was ineffective for failing to request a limiting instruction concerning the state's impeachment of its own witness appears to misremember what actually happened at trial. At trial, the State affirmatively presented the testimony of Robert Young. Defense counsel then *recalled* the witness Robert Young in order to elicit his prior testimony, and only when he was re-called to the stand as a defense witness did the state cross-examine him about his prior inconsistent statements. This is exactly the kind of strategic decision to which the courts must give deference.

Ultimately, the facts underlying these claims do not establish that the state court determination rejecting the claim of ineffective assistance of counsel was an

---

[5] Had petitioner provided affidavit from defense counsel acknowledging that the defendant's family had communicated this information to him, but that he failed to investigate the information, petitioner may have been entitled to a hearing in state court on that claim.

unreasonable application of United States Supreme Court precedent. Nor do the combination of these claims provide clear and convincing evidence of actual innocence.[6]

Because this claim was dismissed on the merits by the state court, a federal court is constrained in review by AEDPA review. *Harrington v. Richter*, 562 U.S. 86, 99, 131 S. Ct. 770, 784, 178 L. Ed. 2d 624 (2011) ("There is no merit to the assertion that compliance with § 2254(d) should be excused when state courts issue summary rulings because applying § 2254(d) in those cases will encourage state courts to withhold explanations for their decisions.").

A. *The State Post-Conviction Court Did Not Unreasonably Apply United States Supreme Court Precedent In Rejecting The Claim That The Affidavit Of Kimmie Alexander Established Ineffective Assistance Of Counsel.*

Kimmie Alexander's affidavit, notarized in 2003 (but titled "Affidavit of Ms. Kimmie Alexander" 2002), was (presumably) not attached to Mr. Ficher's 1996 application for post-conviction relief. However, even assuming the allegations were incorporated into the claim of post-conviction relief, the statement of Kimmie Alexander does not warrant relief. Indeed, even if it (or something similar to it) was attached to his 1996 state post-conviction application, the affidavit alone would not

---

[6] Respondent is unable to fully comprehend petitioner's claims regarding the state district court judge's rejection of his claim under *Martinez v. Ryan*. These claims are addressed in the Report and Recommendation, at page 13. However to the extent this Court determines that the ineffective assistance of counsel claim must be addressed de novo at a hearing on the claim, Respondent has no objection to the limited appointment of counsel for the purposes of conducting that hearing.

have established ineffective assistance of counsel. Without some showing that defense counsel simply ignored the potential testimony of Kimmie Alexander – rather than made a strategic assessment of the value of her testimony -- the claim is essentially hindsight. As this Court has explained, claims regarding uncalled witnesses are particularly disfavored – especially without testimony from the trial counsel regarding his investigatory efforts:

> Jenkins offers nothing more than speculative, conclusory, and self-serving assertions regarding his counsel's investigatory efforts in regard to uncalled witnesses. See *Harrison v. Quarterman*, 496 F.3d 419, 428 (5th Cir. 2007) (ineffective assistance claims based on uncalled witnesses are disfavored). Accordingly, Jenkins fails to show that reasonable jurists could debate the district court's resolution of this ineffective assistance of counsel claim.

*Jenkins v. Vannoy,* No. 17-30842, 2018 WL 11301544, at 3 (5th Cir. Nov. 21, 2018); *Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010) ("Claims that counsel failed to call witnesses are not favored on federal habeas review because the presentation of witnesses is generally a matter of trial strategy and speculation about what witnesses would have said on the stand is too uncertain."). While the claim of ineffective assistance of counsel with regard to Kimmie Alexander may be debatable amongst jurists of reason, the state court rejected the claim on the merits and that rejection was not an unreasonable application of Supreme Court precedent. *Harrington v. Richter*, 562 U.S. 86, 105, 131 S. Ct. 770, 788, 178 L. Ed. 2d 624 (2011) ("Establishing that a state court's application of Strickland was unreasonable under

§ 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so.") citing *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

B. *The claim of ineffective assistance of counsel arising from the testimony of Robert Young is contradicted by the record.*

While the claim regarding Kimmie Alexander has a potential factual basis, the claim regarding Robert Young appears contradicted by the record. The claim here is that defense counsel was ineffective for failing to request a limiting instruction concerning the State's use of Young's prior inconsistent statements. Robert Young was called to testify by the State in its case in chief. The transcript lasted a little over a page, and the State did not impeach him with his prior testimony. His testimony begins on page 42 of the transcript. Cross-examination of Mr. Young occurs at page 44 and redirect concludes at page 45.

Thereafter, omitted from the petition, the defense called Robert Young to testify. Defense counsel's direct of Robert Young begins on page 56 of the transcript. Defense counsel attempted to impeach Mr. Young with his prior inconsistent (and exculpatory) statement. The state cross-examined Mr. Young on pages 61-63, and then was asked again about his prior statements on re-direct. This is not an instance where the State called a witness, and elicited prior unsworn statements for the truth of the matter asserted. See e.g. *State v. Cousin*, 96-2973 (La.

4/14/98), 710 So. 2d 1065, 1071 ("The court should further consider the prejudicial effect of the statement if used improperly as substantive evidence, and the effectiveness of a limiting instruction in avoiding improper use of the statement.").

Trial decisions concerning whether to impeach a witness and how, are classic strategy that cannot be the basis of an ineffective assistance of counsel claim unless permeates the entire trial with unfairness. *Reed v. Vannoy*, 703 F. App'x 264, 269 (5th Cir. 2017) ("Counsel's "conscious and informed decision on trial tactics and strategy cannot be the basis of constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness.") citing *Pape v. Thaler*, 645 F.3d 281, 291 (5th Cir. 2011) (quoting *Richards v. Quarterman*, 566 F.3d 553, 564 (5th Cir. 2009)).  In *Reed*, the Court rejected the claim that counsel's decision not to impeach the witness was ineffective assistance of counsel noting "impeachment could have led to an adverse outcome."  Here, defense counsel sought to impeach the witness, and is now criticized for the choice.

Ultimately, appellant alleges "Reasonable jurists could have debated the credibility of Young and Burrell, especially in light of Ms. Alexander's testimony." However, that is not the standard for securing relief from this Court.  At best, that is the standard for securing a certificate of appealability.  Review of these claims on the merits suggests them unworthy of relief.

Ultimately, to the extent petitioner has a claim of actual innocence, the Louisiana Legislature has adopted Article 926.1 et seq. of the Louisiana Code of Criminal Procedure to allow claims of actual innocence to be reviewed in state court. However, while the evidence against the petitioner was not overwhelming, and relied almost entirely on eye-witness testimony unsupported by physical evidence, nothing in counsel's review of the case indicates that trial counsel was aware of the existence of Kimmie Alexander at the time of trial.

**CONCLUSION**

For the reasons set forth above, Appellee respectfully suggests the Court affirm the district court's denial relief.

SUBMITTED BY:


*Gershon Cohen*
S/Gershon Benjamin Cohen
S/G. Ben Cohen
District Attorney's Office
619 S. White Street
New Orleans, LA 70119
504-571-2946

## CERTIFICATE OF SERVICE

I certify that on February 21, 2022, the foregoing document was served, via the Court's CM/ECF Document Filing System, upon the following registered CM/ECF users:

Nisha Sandhu
Attorney and Counselor at Law
Nisha Sandhu, APLC
434 E. Lockwood Street
Covington, Louisiana 70433
T: 504.920.7310
F: 504.814.4513
Nisha Sandhu <ns.law@mac.com>

*Gershon Cohen*

S/Gershon Benjamin Cohen

**CERTIFICATE OF COMPLIANCE**

1. This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f), and 5ᵗʰ CIR. R. 32.1:  this document contains 3,359 words.

2. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5), and 5ᵗʰ CIR. R. 32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because: this document has been prepared in a proportionally spaced typeface using **Microsoft Word** in **Times New Roman**, size **14** font typeface.

*Gershon Cohen*
S/Gershon Benjamin Cohen

17