IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

Case No. 19-30750

_____

Charles F. Ficher, Jr.,
      Petitioner - Appellant

v.

Jason Kent, Warden, Dixon Correctional Institute,
      Respondent - Appellee

_____

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

_____

REPLY BRIEF OF APPELLANT, CHARLES F. FICHER, JR.

_____

Respectfully submitted by:

Nisha Sandhu, #30340
Nisha Sandhu, APLC
434 East Lockwood Street
Covington, Louisiana 70433
Tel.: (504) 920-7310
Fax: (504) 814-4513
Email: ns.law@mac.com
*Attorney for Charles F. Ficher, Jr.*

# TABLE OF CONTENTS

Table of Contents ......................................................................................................ii

Table of Authorities ................................................................................................ iii

Argument....................................................................................................................1

Conclusion..................................................................................................................4

Certificate of Service.................................................................................................4

Certificate of Compliance .........................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*Andrews v. Davis,* 944 F.3d 1092, 1107 (9th Cir. 2019) ........................................ 3

*Cullen v. Pinholster,* 563 U.S. 170, 131 S.Ct. 1388 (2011) ..................................... 2

*Harrington v. Richter,* 562 U.S. 86, 131 S.Ct. 770 (2011) ...................................... 3

*House v. Bell,* 547 U.S. 518, 126 S.Ct. 2064 (2006) ................................................ 2

*Hyman v. Brown,* 927 F.3d 639, 658, 659 (2d Cir. 2019) ........................................ 2

*Kuhlmann v. Wilson,* 477 U.S. 436, 106 S.Ct. 2616 (1986) .................................... 2

*Lockyer v. Andrade,* 538 U.S. 63, 76, 123 S. Ct. 1166 (2003) ................................ 3

*McClellan v. Rapelje,* 703 F.3d 344, 351 (6th Cir. 2013) ........................................ 3

*McQuiggin v. Perkins,* 569 U.S. 383, 133 S.Ct. 1924 (2013) .................................. 4

*Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851 (1995) ................................................ 2

*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984) ............................. 3

*White v. Woodall,* 572 U.S. 415, 419, 134 S. Ct. 1697 (2014) ................................ 3

# ARGUMENT

Taking issue with Kimmie Alexander's affidavit, the State argues that Mr. Ficher does not meet the requirements for actual innocence. Appellee's brief, p. 5. The State further argues that it found no evidence in the record that Ms. Alexander "informed defense counsel of her knowledge of the offense at the time of trial or that defense counsel was informed of Kimmie Alexander's availability prior to trial, or that defense counsel's investigation was deficient." Appellee's brief, p. 8. Finally, the State challenges Petitioner's argument that reasonable jurists could debate the credibility of Burrell and Young in light of Ms. Alexander's testimony. To these points, the following is of special note:

> Specifically, a reviewing court assessing the probability of actual innocence is not limited to the trial record. To the contrary, it "must consider all the evidence, old and new, incriminating and exculpatory," *House v. Bell*, 547 U.S. at 538 (internal quotation marks omitted), and, in doing so, "is not bound by the rules of admissibility that would govern at trial," *Schlup v. Delo*, 513 U.S. at 327. This is because, at the gateway stage of inquiry, a habeas court's task is not to identify trial error or to delineate the legal parameters of a possible new trial. It is to identify those cases in which a compelling showing of actual innocence would make it a manifest injustice to maintain conviction unless it was free of constitutional error. Thus, incriminating evidence obtained in the course of an unlawful search, or custodial admissions made in the absence of *Miranda* warnings, may well be inadmissible at trial. Nevertheless, such evidence is properly considered in assessing factual innocence, with the manner of procurement informing reliability and relevance and, therefore, weight.

> * * *

> … reviewing courts should assess actual innocence claims in light of "all the evidence" regardless of admissibility but with proper consideration for the weight the evidence can bear in light of relevance and reliability. *See House v. Bell*, 547 U.S. at 538; *Schlup v. Delo*, 513 U.S. at 328; *Kuhlmann v. Wilson*, 477 U.S. at 455 n.17.

*Hyman v. Brown*, 927 F.3d 639, 658-659 (2d Cir. 2019). In this case, Mr. Ficher's claims would have been heard in an evidentiary hearing wherein he could and would have testified about his requests of trial counsel and understanding about the witnesses to be called for the defense at trial, and relevant discussions with his counsel in preparation for trial. Furthermore, his trial counsel would have been subpoenaed to testify at the evidentiary hearing and would have testified about his reasons for not subpoenaing Ms. Alexander. Finally, Ms. Alexander would have testified at an evidentiary hearing about her discussions with defense counsel and her understanding about trial and being called for trial. Because an evidentiary hearing was never held on Mr. Ficher's claims, the record could not be developed. An evidentiary hearing would be necessary and could have been granted in state court on post-conviction or even federal court on habeas.

To the extent that *Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388 (2011), would somehow prevent such a hearing at the Federal level, or limit the consideration of evidence raised by Mr. Ficher, it should be further noted that Mr. Ficher has maintained that the trial court never considered the merits of his ineffective assistance of counsel claims, much less those involving Kimmie

Alexander. See Appellant's brief, p. 14, fn. 2. That the appellate court would somehow consider the claim *de novo* and *not* remand for an evidentiary hearing is not only troubling, but an unreasonable application of his Sixth Amendment right to effective counsel and *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984).[1] An "unreasonable application"

> must be "'objectively unreasonable,' not merely wrong." *White v. Woodall*, 572 U.S. 415, 419, 134 S. Ct. 1697, 188 L. Ed. 2d 698 (2014) (internal quotation marks omitted). It is not enough that a federal habeas court concludes "in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer v. Andrade*, 538 U.S. 63, 76, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003) (internal quotation mark omitted). Rather, the decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

*Andrews v. Davis*, 944 F.3d 1092, 1107 (9th Cir. 2019). Specifically, Mr. Ficher has steadfastly maintained that his claims were never considered. In never having been considered, how could it be posited that the denial of his claims is objectively reasonable? The appellate court denied his application *without* reasoning. A court's reasoning is germane to its ruling. Indeed, without the court's reasoning, logical arguments about the ruling itself are mere conjectures in the wind.

---

[1] "*Pinholster* only applies to limit consideration of additional evidence when the state court has previously decided the same merits issue later presented to the federal court." *McClellan v. Rapelje*, 703 F.3d 344, 351 (6th Cir. 2013). As Mr. Ficher has argued, there was no actual ruling on the merits of his claims.

3

Mr. Ficher reiterates that in light of the evidence Ms. Alexander would have provided through her testimony at trial, no reasonable juror would have convicted him. *McQuiggin v. Perkins*, 569 U.S. 383, 401, 133 S.Ct. 1924 (2013). Mr. Ficher maintains that he is actually innocent of the charge brought against him and that he did not commit the offense for which he was charged and convicted.

## CONCLUSION

For the foregoing reasons, the appellant, Charles F. Ficher, Jr., respectfully requests that this Honorable Court reverse the district court's ruling denying habeas relief.

Respectfully submitted,

/s/  Nisha Sandhu
NISHA SANDHU, # 30340
*Attorney of Record*
434 East Lockwood Street
Covington, Louisiana 70433
Tel.: (504) 920-7310
Fax: (504) 814-4513
*Attorney for Appellant,*
   *Charles F. Ficher, Jr.*

## CERTIFICATE OF SERVICE

I, NISHA SANDHU, certify that today, March 9, 2022, I electronically filed the Brief for Appellant via CM/ECF, and that service by electronic delivery was made upon ECF-registered counsel.

/s/  Nisha Sandhu
NISHA SANDHU

## CERTIFICATE OF COMPLIANCE

Pursuant to FED. R. APP. P. 32(a)(7)(B), 5TH CIR. R. 32.2.7(c), undersigned counsel certifies that this brief complies with the type-volume limitations of 5TH CIR. R. 32.2.7(b).

1. Exclusive of the portions exempted by FED. R. APP. P. 32(f), 5TH CIR. R. 32.2.7(b)(3), this brief contains  1354  words printed in a proportionally spaced typeface.

2. This brief is printed in a proportionally spaced, serif typeface using Times New Roman 14 point font in text produced by Microsoft Word for Mac, version 16.58.

/s/ Nisha Sandhu
NISHA SANDHU